UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

UNITED STATES OF AMERICA             :

                                                 :

     -v-                                         :           S1 03 Cr. 1509 (DLC)

                                                 :

THOMAS T. PROUSALIS, JR.              :

                                                :

                        **Defendant.**         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## GOVERNMENT'S SENTENCING MEMORANDUM


                                                                                      PREET BHARARA
                                                                                       United States Attorney for the
                                                                                       Southern District of New York
                                                                                       Attorney for the United States
                                                                                               of America.


SEETHA RAMACHANDRAN
Assistant United States Attorney
      - Of Counsel -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**UNITED STATES OF AMERICA**                :
:
:
   -v-                                   :     S1 03 Cr. 1509 (DLC)
:
**THOMAS T. PROUSALIS, JR.**                :
:
                   **Defendant.**       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Thomas Prousalis is scheduled for sentencing on April 9, 2010 at 3:30pm, following his guilty plea to four different violation specifications on March 3, 2010. The Government respectfully submits this memorandum in response to a March 24, 2010 submission from defense counsel, as well as accompanying statements from the defendant, the defendant's father, and the defendant's counsel in Albania. In particular, this memorandum addresses three issues that the Court identified as relevant to sentencing. First, it addresses Prousalis's claim that he did not intend to mislead the Probation Department when he traveled to Albania over Thanksgiving, instead of California. Second, it addresses the $5,000 in monthly rent that Prousalis purportedly pays to live in his home. Third, it addresses Prousalis' false claim that he was required to appear in Albania on a summons, on February 20, 2010.

Finally, this memorandum addresses Prousalis's claim that he has acted in good faith and made full payment on all restitution that is due. For the reasons set forth below, the Court should sentence the defendant to a substantial term of imprisonment followed by an additional term of supervised release. The Probation Department has also proposed a number of

special conditions for any additional term of supervised release, which are enclosed for the Court's consideration.

### A.     The Defendant's Misrepresentations to the Court and Probation

#### 1.     Defendant's Purported Trip to California

As set forth in the Government's February 19, 2010 brief ("Government's Brief"), Prousalis traveled to Albania on November 25 through November 30, 2009, after the Court denied him permission to take a trip to Albania during that time period, and after representing to Probation that he was traveling to California to visit his daughters.  Prousalis has already admitted that he traveled to Albania without permission, but argued in his February 12, 2009 brief that the Court should excuse his conduct for reasons that include a so-called business emergency, and a purported failure on the part of his counsel's secretary to inform him of the Court's ruling. Prousalis did not explain why he continued to suggest, in a December 4, 2009 letter to his Probation Officer, that he had in fact traveled to California to visit his daughters.

Now, Prousalis claims that his misrepresentations were simply the result of sloppy editing from an earlier letter dated November 17, 2009, using the "cut and paste technology of Word processing." (Letter from Edward M. Kratt, dated March 24, 2010, at 2).  Yet the two paragraphs he compares do not even contain any of the same phrases.  In fact, the only substantive phrase in both letters that gets repeated is "my daughters."  Even the word "coercive" was changed to "coerce."  Prousalis's claim that he did not intend to deceive Probation by his December 4, 2010 letter is simply ridiculous.

#### 2.     Defendant's Purported $5,000 in Monthly Rent

Prousalis also claims that he never intended to deceive Probation by listing $5,000

in rent on his monthly financial statement to Probation, even though he does not pay any rent. He argues that because Kathleen Perka is a close friend, she has allowed him to defer rent payments until later. By listing a $5,000 expense on his monthly financial statement that is not being paid that month, Prousalis clearly intended to mislead Probation into believing that he had next to nothing available for restitution. (Particularly because in Prousalis's view, he was entitled to pay for all sorts of luxury expenses before paying restitution, and claimed that his monthly income amounted to nothing after those expenses were paid). In addition, Probation Officer Martins's interview with Ms. Perka shows that Prousalis suggested the $5000 in rent – Ms. Perka did not propose that amount. Probation Officer Martins' chronological report from June 17, 2009 reads, in relevant part:

> Contact made with offender at offender's residence for the purpose of unscheduled HV [home visit]. USPO met with P [Prousalis] and Kathleen Perka who is the owner of the home P is residing in. Ms. Perka is P's college friend from William & Mary. USPO spoke with both P and Ms. Perka and discussed the agreement to rent the home. Ms. Perka related that there is no outstanding mortgage on the home. She related that P presented the amount of $5000 per month for rental of the home for business purposes. Ms. Perka did not come up with that amount, P did. USPO asked P where that amount came from and why it should be deemed reasonable. P stated if he rented a space the size of the home in downtown DC that it would be that much in rent. USPO reiterated that P does not need 3,000 sq feet to operate his business. Ms. Perka related that she has not yet rec'd any money towards this rental agreement to date. P became somewhat defensive and USPO stopped the conversation to avoid conflict in the field.

Significantly, during the interview, Ms. Perka (not Prousalis) volunteered that she had not been paid any rent. Prousalis simply insisted that such an expense was warranted because a similar home would be just as expensive.

### 3.     Defendant's Purported Summons to Appear in Albania on February 20

Prousalis falsely represented to Probation and the Court that his presence was

required in Albania on February 20, 2010, on a summons, and that he needed to travel to Albania for that purpose. The Government's Brief summarized information provided by Albanian law enforcement and a Department of Justice attorney assisting Albanian law enforcement on anti-corruption matters. That information confirms that there was no summons for Prousalis's appearance on February 20. Prousalis failed to offer any proof that such a summons was issued, beyond the affidavit of his Albanian attorney who was not present for whatever conversation Prousalis claims he had with Albanian prosecutors about meeting on February 20.

**B.     Prousalis Is Not Current with his Restitution Payments**

Prousalis argues, through counsel, that he has acted in good faith and has made full restitution payments and is current on his restitution obligations. That is not accurate. As explained in the Government's Brief, Prousalis failed to pay required restitution even after his lump sum payment in December 2010. Prousalis did not plead guilty to Violation 6, which charged him with failing to make certain restitution payments following the lump sum payment. The Government agreed to dismiss Violations 5 and 6 because Prousalis pled guilty to Violations 1 through 4. While Prousalis was under no obligation whatsoever to plead guilty to any one of the violations, much less four of the six violations against him, it is misleading for him suggest now that he is current on his restitution payments and intends to stay current with those payments. In fact, Prousalis took the position that he was not guilty of Violation 6, because according to his own "cash flow" (attached to Prousalis's February 12, 2010 brief), he did not owe restitution, and once again, the Probation Department's calculations were wrong.

**C.    The Defendant Should Receive a Sentence of Imprisonment and an Additional Term of Supervised Release**

Prousalis's repeated refusal to follow the instructions of the Probation Department and comply with the conditions of his supervised release warrant a term of imprisonment and an additional term of supervised release. The Government also respectfully requests that the Court consider the additional special conditions proposed by the Probation Department.

This is not a case where a defendant struggles to find employment or otherwise transition to a stable life after serving a lengthy prison sentence. Prousalis seems to have the support (including financial support) of friends and family members, as well as the education and skills to find lawful employment. Yet he continues to play a shell game with the Probation Department and repeatedly refuses to follow the conditions of his supervised release. Nothing less than a substantial term of imprisonment will deter Prousalis from further violating the conditions of his supervised release.

Dated:  New York, New York
        April 2, 2010

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney

By:    /s/ Seetha Ramachandran
        Seetha Ramachandran
        Assistant U.S. Attorney
        (212) 637-2546