✎AO 245D   (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of New York

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| THOMAS T. PROUSALIS, JR. | Case No.   1:S1 03CR01509-01(DLC) |
| | USM No.   47351-083 |
| | Edward Kratt |
| | Defendant's Attorney |

**THE DEFENDANT:**

x   admitted guilty to violation of condition(s)   1, 2, 3 and 4   of the term of supervision.

☐   was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Releasee failed to follow the instructions of the probation officer, in, that, he failed to make a proper restitution payment as directed | 11/17/2009 |
| 2 | Releasee failed to pay restitution at the Court Ordered rate | 11/17/2009 |
| 3 | Releasee left the Judicial District without the permission of the Court or probation officer, in that he traveled to Albania | 11/30/2009 |
| 4 | (See page 2) | |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X   The defendant has not violated condition(s)   5 and 6   and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   1053

Defendant's Year of Birth:   1948

City and State of Defendant's Residence:
Alexandria, VA

April 9, 2010
Date of Imposition of Judgment

_/s/_ Signature of Judge

Denise Cote, U.S. District Judge
Name and Title of Judge

April 13, 2010
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4-14-10

AO 245D    (Rev. 12/07) Judgment in a Criminal Case for Revocations
           Sheet 1A

Judgment—Page  2  of  5

DEFENDANT:       THOMAS T. PROUSALIS, JR.
CASE NUMBER:     1:S103CR01509-01(DLC)

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 4 | Releasee failed to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, in that he provided false information on the "Request to Travel Form". | 11/24/2009 |

AO 245D   (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page  3  of  5

DEFENDANT:       THOMAS T. PROUSALIS, JR.
CASE NUMBER:     1:S1 03CR01509-01(DLC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :    9 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

x  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 12/07) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

|   |   |
|---|---|
| DEFENDANT: THOMAS T. PROUSALIS, JR. | Judgment—Page 4 of 5 |
| CASE NUMBER: 1:S1 03CR01509-01(DLC) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   2 years and 3 months.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(Rev. 1207) Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

Judgment—Page  5  of  5

DEFENDANT:     THOMAS T. PROUSALIS, JR.
CASE NUMBER:   1:S103CR1509(DLC)

## ADDITIONAL SUPERVISED RELEASE TERMS

All conditions of supervised release previously imposed on October 28, 2004 remain the same with the following revisions and additional conditions:

The defendant shall pay $12,775,985.28 in restitution, the unpaid balance of the $12.8 million previously imposed on October 28, 2004, and is payable immediately. If the defendant is engaged in a non-UNICOR work program, the defendant shall pay $25 per quarter towards restitution. However, if the defendant participates in the UNICOR program as a grade 1 through 4, he shall pay 50% of his monthly UNICOR earnings. The defendant shall pay any unpaid balance that exists at the commencement of supervision beginning thirty (30) days after release from prison. The defendant shall pay 20% of his monthly cash inflow up to $100,000; 40% of his monthly cash inflow above $100,000 and up to $1,000,000; and 50% of his monthly cash inflow above $1,000,000, towards the payment of restitution. Specifically, Monthly Cash Inflows include all salary/wages of the defendant, cash advances, bonuses, commissions, business income, interest or dividends income, rental income, trust income, income in the form of alimony or child support, social security, other governmental benefits, pensions and annuities, allowances, gratuities and tips, spouse (or significant other) and dependent salary/wages, other joint spousal or dependent income, gifts from family members, gifts from others, loans from business(es), mortgage loans, other loans, and other sources of income.

The defendant shall participate in an assessment and program approved by the United States Probation Office for mental health treatment. The costs of the assessment and program are to be paid by the defendant, as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.

The defendant shall obtain and maintain legal, gainful full-time employment and shall submit bona-fide earnings documentation as directed by the probation officer.

The defendant shall be prohibited from working as a consultant, an independent contractor, or in any self-employed capacity unless approved in advance by the probation officer.

The defendant shall be prohibited from engaging in any occupation where the defendant would have access to money or other fiduciary related responsibilities, e.g., investment advisor, financial advisor, account manager, business advisor, unless approved in advance by the probation officer.