# MANDATE

**United States Court of Appeals**
FOR THE
SECOND CIRCUIT

S.D.N.Y.—N.Y.C.
16-cv-3349
03-cr-1509
Cote, J.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand sixteen.

Present:
    John M. Walker, Jr.,
    Denny Chin,
    Raymond J. Lohier, Jr.,
        *Circuit Judges*.

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 14, 2016**

Thomas T. Prousalis, Jr.,

      *Petitioner,*

v.                                                                           16-2235

United States of America,

      *Respondent*.

Petitioner moves for leave to file his 28 U.S.C. § 2241 petition in the district court. Upon due consideration, it is hereby ORDERED that the motion is DENIED as unnecessary, because a petitioner who may proceed under § 2241, or under the district court's error coram nobis jurisdiction, is not subject to the requirements of § 2255(h). *See Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997) (denying motion to file a successive § 2255 motion, and holding that, in limited circumstances, a federal prisoner may challenge his conviction under § 2241). It is further ORDERED that the case is REMANDED to the district court for further proceedings.

The district court should determine, in the first instance, (1) whether Petitioner is "in custody" within the meaning of 28 U.S.C. §§ 2241 and 2255; (2) if so, whether he may proceed under § 2241; and (3) if not in custody, whether to construe his petition as seeking a writ of error coram nobis. *See Triestman*, 124 F.3d at 379-80 (holding that, when § 2255 motion is "inadequate or

**MANDATE ISSUED ON 09/14/2016**

ineffective" remedy, claim may be brought under § 2241); *Kaminski v. United States*, 339 F.3d 84, 87-91 (2d Cir. 2003) (declining to decide whether a restitution order can ever constitute custody for habeas purposes, and discussing the possibility of restitution issue being pursued in coram nobis proceeding); *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction . . . .").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit