UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
THOMAS T. PROUSALIS, JR.,              :          16cv3349
                                       :          03cr01509
                      Petitioner,      :
                                       :       OPINION & ORDER
           -v-                         :
                                       :
UNITED STATES OF AMERICA,              :
                                       :
                      Respondent.      :
                                       :
---------------------------------------X

DENISE COTE, DISTRICT JUDGE:

In the midst of his criminal trial, petitioner Thomas Prousalis ("Prousalis") pleaded guilty in 2004 to three separate charges of conspiring to commit fraud and to fraud. Prousalis had acted as outside counsel to busybox.com Inc. ("Busybox") at the time of its initial public offering ("IPO") in 2000. He explained during his allocution that he had acted with the intent to defraud investors and knew that he was doing something wrong and violating the law in connection with various false statements and omissions in the IPO documents. He now brings a petition for a writ of error coram nobis to vacate his 2004 conviction. Prousalis contends that the Supreme Court's decision in Janus Capital Grp., Inc. v. First Derivative Traders, 564 U.S. 135 (2011), supports this petition because of the way in which it substantively alters the Rule 10b-5 landscape. For the following reasons, the petition is denied.

## Background

Prousalis, an attorney, was arrested on January 7, 2004, on a two count indictment charging him with conspiracy to commit securities, mail, and wire fraud, and with wire fraud, in violation of 18 U.S.C. § 371 and 15 U.S.C. §§ 78j(b) and 78ff, respectively.  On May 12, a superseding indictment was filed. It added a third count charging a violation of 15 U.S.C. § 77x and 17 C.F.R. § 228.509.  Trial began on June 7, 2004.  Eight witnesses testified at trial before Prousalis pleaded guilty. The procedural history and trial evidence are described in an Opinion denying Prousalis's 2006 petition for a writ of habeas corpus.  Prousalis v. United States, Dkt. No. 03cr1509 (DLC), 2007 WL 2438422, (S.D.N.Y. Aug. 24, 2007) (the "2007 Opinion"). The 2007 Opinion is incorporated here.  At his plea allocution and again at the sentencing hearing, Prousalis described his scheme to defraud.  Id.

On October 28, 2004, Prousalis was sentenced principally to 57 months' imprisonment.  He was also ordered to pay restitution in the amount of $12.8 million.  Prousalis appealed his conviction.  On December 29, 2005, the United States Court of Appeals for the Second Circuit dismissed the appeal because of the defendant's voluntary waiver of his right to appeal.

On November 6, 2006, Prousalis filed a petition for a writ of habeas corpus.  The petition was denied on August 24, 2007.

2

Prousalis appealed the denial of his petition.  On August 26, 2008, the Second Circuit dismissed the appeal because Prousalis has not made a substantial showing of the denial of a constitutional right.

On June 13, 2011, the Supreme Court decided <u>Janus</u>.  That decision defined what it means to make an untrue statement in the context of a private civil action alleging a violation of Rule 10b-5.  According to the Court, "the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."  <u>Janus</u>, 564 U.S. at 142.

On February 22, 2012, Prousalis filed a petition pursuant to 28 U.S.C. § 2241 in the Eastern District of Virginia, which was the site of his supervised release, arguing that the conduct for which he was convicted was no long criminal in light of <u>Janus</u>.  On March 20, the district court denied the petition because "[t]he <u>Janus</u> decision stemmed from a line of decisions limiting judicially created private causes of action," and has no application in the criminal context and because the charges to which Prousalis pleaded guilty, including his acts of aiding and abetting the criminal conduct, fall outside the substantive scope of the <u>Janus</u> decision.  <u>Prousalis v. Moore</u>, No. 12cv134 (JAG), 2013 WL 1165249, at *6 (E.D. Va. Mar. 20, 2013), <u>aff'd</u>, 751 F.3d 272 (4th Cir. 2014).  The Fourth Circuit affirmed the

denial of the petition.  The majority held that Janus was
inapplicable outside the context of an implied private right of
action.  Prousalis v. Moore, 751 F.3d 272, 276 (4th Cir. 2014).
In a concurrence, Chief Judge Traxler concluded that § 2(b) of
Title 18 imposed criminal liability on one who causes an
intermediary to commit a criminal act.  Accordingly,
"Prousalis's willful intent to defraud, combined with Busybox's
duty not to make the charged material misrepresentation and
omissions, made it a crime for Prousalis to cause Busybox to
make the statement at issue."  Id. at 280.  The Supreme Court
denied Prousalis's petition for a writ of certiorari on January
12, 2015.

On March 3, 2016, Prousalis filed a third habeas petition,
pursuant to § 2241, in the United States District Court for the
District of Columbia.  He again sought relief in reliance on the
Janus decision.  On April 11, the petition was transferred to
this Court.  On June 24, this Court transferred the petition to
the United States Court of Appeals for the Second Circuit as a
successive petition.

On August 22, 2016, the Court of Appeals remanded the
petition to this Court to determine whether Prousalis is in
custody, and if not, whether to construe his petition as seeking
a writ of error coram nobis.  Prousalis v. United States, No.
16-2235, Dk. No. 13 (2d Cir. Aug. 22, 2016).  Prousalis conceded

in a letter of August 27 that he does not satisfy the jurisdictional in custody requirement for a habeas petition.[1] Prousalis requested that his current petition be treated as a petition for a writ of error coram nobis.

## Discussion

"A writ of error coram nobis is an extraordinary remedy, typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (citation omitted).

> [T]o obtain coram nobis relief a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.

Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998). For purposes of a writ of error coram nobis, the petitioner's conviction is presumed to be correct, and the burden rests on the accused to show otherwise. Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996).

---

[1] Prousalis's term of supervised release concluded in 2013. Although Prousalis has an ongoing obligation to make restitution payments, this does not render him "in custody" for purposes of habeas corpus. See Kaminski v. United States, 339 F.3d 84, 88-89 (2d Cir. 2003) (holding that challenge to restitution order is not cognizable as a habeas petition because the petitioner is not in custody).

As an initial matter, Prousalis's petition is an improper attempt to seek review of the Fourth Circuit's decision affirming the denial of his February 22, 2012 habeas petition. In the instant petition, Prousalis argues that the Fourth Circuit decision was "errant" and seeks a redetermination. Prousalis already petitioned the Supreme Court for a writ of certiorari from the decision of the Fourth Circuit, which was denied.  "A writ of coram nobis is not a substitute for appeal," Foont, 93 F.3d at 78, and thus Prousalis's petition will be denied.

Even if this petition were not foreclosed by the Fourth Circuit's decision in Prousalis v. Moore, 751 F.3d 272, 276 (4th Cir. 2014), Prousalis has not shown an entitlement to a writ of error coram nobis.  During his plea allocution, Prousalis admitted that he knowingly omitted material information from a registration statement for Busybox securities.  He further admitted that he knew, at the time, that his conduct violated the law, and that he acted with the intent to deceive investors. Indeed, Busybox itself was among the victims of his scheme to defraud investors and enrich himself.  Prousalis, 2007 WL 2438422, at *6.  For these reasons, Janus, which held that an investment advisor was not the "maker" of a prospectus in the context of a civil claim, does not affect Prousalis's criminal convictions for conspiracy and for securities fraud.  Even if

6

Janus has some application in criminal prosecutions for
securities fraud -- an issue yet to be addressed by the Second
Circuit -- Prousalis's conviction would still stand because even
if he was not himself the "maker" of the false statements, he
aided and abetted and conspired with others in the making of the
fraudulent registration statements and omissions, and engaged in
a scheme to defraud.[2]

---

[2] "The aiding and abetting statute provides that a defendant who
aids, abets, counsels, commands, induces or procures the
commission of an offense against the United States is punishable
as a principal.  To prove that a defendant aided and abetted a
substantive crime, the Government must establish that the
underlying crime was committed by someone other than the
defendant and that the defendant himself either acted or failed
to act with the specific intent of advancing the commission of
the underlying crime."  United States v. Lange, --- F.3d ---,
2016 WL 4268936, at *6 (2d Cir. Aug. 15, 2016); see also 18
U.S.C. § 2(a).

## **Conclusion**

Prousalis's March 3, 2016 petition is denied.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court is directed to close the civil case, docket number 16cv3349.

Dated:    New York, New York
          September 16, 2016

                              _____
                                   DENISE COTE
                          United States District Judge

8

Copy mailed to:

Thomas T. Prousalis, Jr.

10501 S. Falconbridge Ct.

Richmond, VA 23238