**MANDATE**

16-3431
Prousalis v. United States of America

N.Y.S.D. Case #
16-cv-3349(DLC)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        PIERRE N. LEVAL,
        REENA RAGGI,
            *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 19, 2017

**THOMAS T. PROUSALIS, JR.,**
        *Plaintiff-Appellant,*

    v.                                                          16-3431

**UNITED STATES OF AMERICA,**
        *Defendant-Appellee.*

_____


FOR PLAINTIFF-APPELLANT:   Thomas T. Prousalis, Jr. (*on the brief*), pro se, Richmond, VA.

                           MATTHEW GREENFIELD, Gibson, Dunn & Crutcher LLP, New York, NY.

MANDATE ISSUED ON 09/09/2017

| | |
|---|---|
| **FOR DEFENDANT-APPELLEE:** | STEPHANIE LAKE (Anna Skotko, *on the brief*), Assistant United States Attorney, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Thomas T. Prousalis, Jr. pleaded guilty in 2004 to defrauding investors in connection with the initial public offering of a company that he served as outside counsel. In 2012, Prousalis unsuccessfully sought habeas relief in the Eastern District of Virginia, arguing that the conduct for which he was convicted was no longer criminal in light of *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011). Prousalis subsequently petitioned the United States District Court for the Southern District of New York (Cote, *J.*) for a writ of error coram nobis on the same basis. He now appeals the district court's judgment denying that petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). It "is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and alterations omitted). The coram nobis petitioner must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by

2

granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted).

This Court reviews the denial of a writ of error coram nobis for abuse of discretion, but we review de novo whether the district court applied the proper legal standard. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). Here, the district court applied the proper legal standard and correctly determined that there were no circumstances compelling coram nobis relief.

Prousalis argues that he is entitled to coram nobis relief because, under *Janus*, he was not the "maker" of the false statements that led to his conviction for securities fraud. The government argues, inter alia, that *Janus* is not applicable in criminal cases. We need not address this issue. Prousalis's conviction would stand regardless of *Janus*'s application in this case because he allocuted to conduct that constitutes a violation of 18 U.S.C. § 2(b), which provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

We have considered all of Prousalis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit