UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THOMAS T. PROUSALIS, JR., )<br>)<br>          *Petitioner*, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>          *Respondent*. )<br>) | 03-cr-1509 (DLC) |

**VERIFIED STATEMENT**

I, Thomas T. Prousalis, Jr.,[1] a resident of the Commonwealth of Virginia, hereby verify and declare as follows, in support of my Motion to Vacate Judgment, filed with the Court on February 1, 2018:

1. On June 15, 2004, after contentious negotiations, I entered into a plea agreement[2] with the government, which provided, *inter alia*, that in consideration of my guilty plea to three specific

---

[1] I am a former member of The District of Columbia Bar in good standing for more than 25 years. I am a former decorated, commissioned officer and aviator in the United States Air Force, serving tours on five continents, over more than a decade. I was honorably discharged from the Air Force in 1980. I remain a FAA-certified (FAA Certificate No. 2695840), multi-engine, instrument-rated pilot. My Air Force and FAA records are meritorious.

  I am a former law clerk with the Presidential Clemency Board, under the auspices of the Executive Office of the President, The White House, Washington, D.C., during the Ford Administration. During my two-year tenure with the Board, I represented more than 150 petitioners, all of whom were granted clemency by the president.

[2] I directly participated with the government in the plea negotiations. More specifically, I directly negotiated my guilty plea to three offenses in the indictment, which are described with especial particularity in the plea agreement. I did *not* agree to plead guilty to any other offense in the indictment. The Court accepted the plea agreement and incorporated the three offenses in my judgment.

offenses,[3] I would not be "further prosecuted criminally." The plea agreement described the three offenses with especial particularity. The Court described the three offenses to me at the plea hearing with especial particularity. The Court accepted the plea agreement and adjudged that I was guilty of the three offenses.[4]

    2. However, the government, in its response brief to my *coram nobis* appeal, in *Prousalis v. United States*, No. 16-3431 (2d Cir. June 30, 2017), breached the plea agreement by alleging that I violated a criminal offense *outside* of the plea agreement – that my conviction should stand, regardless of Supreme Court precedent in *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011) (holding that a secondary actor without ultimate authority has no liability under Rule 10b-5 in connection with false statements and omissions in a corporate client's registration statement), because I "would still be guilty of aiding and abetting," in violation of "18 U.S.C. § 2(b)." The government's appellate argument mirrored the Court's holding in its opinion and order in *Prousalis v. United States*, No. 16-3349 (S.D.N.Y. Sept. 19, 2016). Simply put, the government relied on a mere citation[5] in the indictment – bereft of factual allegations – which was *outside* of the three offenses of the plea agreement.

---

[3] The three offenses are described in the plea agreement, as follows: "Count One charges the defendant with conspiracy to commit securities fraud, mail fraud, and wire fraud, in violation of Title 18, United States Code, Section 371 . . . Count Two charges the defendant with securities fraud, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 . . . Count Three charges the defendant with failure to disclose interest of counsel, in violation of Title 17, Code of Federal Regulations, Section 228.509."

[4] The judgment states that "The defendant is adjudicated guilty of these offenses:" "Conspiracy to commit securities fraud, wire fraud and mail fraud," in violation of "18 USC § 371;" "Securities fraud," in violation of "15 USC § 78j(b) and 78ff;" and "Failure to disclose interest of counsel," in violation of "15 USC § 77xx." (*sic*) However, the latter statute does *not* exist in our jurisprudence.

[5] Since the indictment on December 29, 2003, until its appellate response brief on March 7, 2017, the government *never* factually alleged – in the indictment, superseding indictment, three meetings with the U.S. Attorney's Office, correspondence, pleadings, plea agreement, plea hearing, sentencing hearing, judgment of conviction, Justice Department press release – that I "aided and abetted" anyone. To be sure, although "18 U.S.C. § 2" is cited in a standalone, undescribed citation at the separated ends of Counts 2 and 3 of the indictment, nowhere in the indictment did the government factually allege that I aided and abetted busybox.com, inc., or its officers and directors, or any other person. Due process requires more. *U.S. Const. amend. V.*

2

3. I was an experienced lawyer. After direct, contentious negotiations with the government, I agreed to plead guilty to three specific offenses in the indictment. I did *not* agree to plead guilty to a violation of "18 U.S.C. § 2,"[6] or any other offense, in the indictment. My counsel never provided any legal advice to me regarding "aiding and abetting" and/or "18 U.S.C. § 2." Moreover, such legal words of art were *never* even mentioned by my counsel (or the government) – orally or in writing – during the plea negotiations.

4. In its opinion and order, the Court held that my conviction should stand, regardless of *Janus*,[7] because I "aided and abetted," in violation of "18 U.S.C. § 2(a)." *Prousalis v. United States*, No. 16-3349 (S.D.N.Y. Sept. 19, 2016). And, the Second Circuit, in a summary order, affirmed the Court's holding, adjudging that I was an aider and abettor, in "violation of 18 U.S.C. § 2(b)." *Prousalis v. United States*, No. 16-3431 (2d Cir. June 30, 2017).

5. Importantly, aiding and abetting is *not* an independent offense, as, otherwise, expressly argued by the government in its brief and before the panel. In an action under § 2 of the aiding and abetting statute, the government must "prove" that an "underlying substantive offense" was committed by "someone other than the aider and abettor." *United States v. Lange*, __ F.3d __,

---

[6] Importantly, nowhere in the indictment, or the record, are there any factual allegations that I "aided and abetted" anyone, until the Court's opinion and order in *Prousalis v. United States*, No. 16-3349 (2d Cir. Sept. 19, 2016). And, neither the government, the Court, nor the Second Circuit panel identified the person(s) that I aided and abetted – because none exists in the factual allegations of the indictment.

[7] The Supreme Court's holding in *Janus* clarified the "unambiguous" textual meaning of 17 C.F.R. § 240.10b-5 (Rule 10b-5) – that secondary actors without "ultimate authority" have no liability under Rule 10b-5. *Janus*, 131 S. Ct. at 2302. Moreover, under *Janus*, a secondary actor without ultimate authority has no liability as an "aider and abettor," as Justice Breyer opined in his dissent:

> Indeed, under the majority's rule it seems unlikely that the SEC itself in such circumstances could exercise the authority Congress has granted it to pursue primary violators who "make" false statements or the authority that Congress has specifically provided to prosecute aiders and abettors to securities violations . . . That is because the managers, not having "ma[d]e" the statement, would not be liable as principals and there would be no other primary violator they might have tried to "aid" or "abet." *Ibid.; SEC* v. *DiBella*, 587 F.3d 553, 566 (2d Cir. 2009) (prosecution for aiding and abetting requires primary violation to which offender gave "substantial assistance" (internal quotation marks omitted)).

3

2016 WL 9268936, at *6 (2d Cir. Aug. 15, 2016); *SEC v. DiBella*, 587 F.3d 553, 566 (2d Cir. 2009) (where prosecution for aiding and abetting requires primary violation to which offender gave "substantial assistance"). Here, the government did *not* prove (or even allege) that an underlying substantive offense was committed by someone other than me. More specifically, the government did *not* prove (or even allege) that an underlying substantive offense was committed by my corporate client, busybox.com, inc., or its officers and directors, whatsoever.[8] Simply put, the government *never* proved (or even alleged) the requisite elements of a charge of aiding and abetting, under 18 U.S.C. § 2.

6. I agreed to plead guilty to three offenses: conspiracy to commit securities fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. § 371; securities fraud, in violation of 17 C.F.R. § 240.10b-5; and failure to disclose interest of counsel, in violation of 17 C.F.R. § 228.509 – and no other offense. More importantly, the Court's judgment shows that I was adjudged guilty of these three offenses, and no other offense.

7. Indeed, the Court accepted the plea agreement, and, in keeping with its terms and conditions, incorporated the three offenses in its judgment.[9]

8. The applicable terms and conditions of the plea agreement are as follows:

> In <u>consideration</u> of his plea to the <u>*above offense[s]*</u>,[10] the <u>*defendant will not be further prosecuted criminally*</u> by this Office (except for criminal tax

---

[8] The facts show that neither my corporate client, busybox.com, inc., or its officers and directors, was charged with wrongdoing. Instead, the government charged me, an outside legal advisor, with conspiracy and securities fraud. However, I was *not* an officer, director, or principal shareholder of busybox. I did *not* sign the registration materials. I was a secondary actor without ultimate authority. Thus, I had no securities fraud liability under Rule 10b-5. *Janus*, 131 S. Ct. at 2302.

[9] The Court's judgment states that "The defendant is adjudicated guilty of these offenses:" "Conspiracy to commit securities fraud, wire fraud and mail fraud," in violation of "18 USC § 371;" "Securities fraud," in violation of "15 USC § 78j(b) and 78ff;" and "Failure to disclose interest of counsel," in violation of "15 USC § 77xx." (*sic*) However, the latter statute does *not* exist in our jurisprudence.

[10] The "*above offense[s]*," as described with especial particularity in the plea agreement, are: "Count One charges the defendant with conspiracy to commit securities fraud, mail fraud, and wire fraud, in violation of Title 18, United States Code, Section 371 . . . Count Two charges the defendant with securities fraud, in violation of Title 17, Code of Federal

4

violations as to which this Office cannot, and does not, make any agreement) for his participation in the scheme to cause false statements and knowing misrepresentations to be made to investors in the initial public offering of busybox.com, inc., as charged in Counts One, Two, and Three of the Indictment. (emphasis added)

9. The contractual "*consideration*" of the plea agreement were the three "*above offense[s]*" – and no other offenses. Therefore, I cannot be "further prosecuted criminally" for any other offense in my case without materially breaching the plea agreement.

10. Here, the government's aiding and abetting argument in its appellate brief and before the Second Circuit panel – adopted *in toto* by the panel in its summary order – disregarded the express terms and conditions of the plea agreement, so as to skirt Supreme Court precedent, and, otherwise, ensure that my securities fraud conviction remained intact. As a result of the government's bad faith argument – resulting in the panel adjudging me guilty of aiding and abetting, in violation of "18 U.S.C. § 2(b)" – the government materially breached the plea agreement.

11. In sum, I was "further prosecuted criminally" – indeed, adjudged an aider and abettor, in violation of "18 U.S.C. § 2(b)," so as to preserve my conviction – in violation of the express terms and conditions of my plea agreement.

12. Further, I sayeth naught.

I hereby declare under penalty of perjury that this Verified Statement is true and correct, pursuant to 28 U.S.C. § 1746, to the best of my information, knowledge, and belief.

February 7, 2018

Thomas T. Prousalis, Jr.

---

Regulations, Section 240.10b-5 . . . Count Three charges the defendant with failure to disclose interest of counsel, in violation of Title 17, Code of Federal Regulations, Section 228.509."

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, I mailed an original and two (2) copies of the foregoing Verified Statement to the Clerk of the Court, United States District Court for the Southern District of New York, and a copy of same to the following person, *via* United States Mail, first-class postage-prepaid:

>  Hon. Joon H. Kim
>  Acting United States Attorney
>  United States Attorney's Office
>  1 St. Andrew's Plaza
>  New York, New York 10007

_____
Thomas T. Prousalis, Jr.